UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CELESTINO RIOS DIAZ (A-240-173-829),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

No.  1:26-cv-3310 DC CSK

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner Celestino Rios Diaz (A-240-173-829), a citizen and native of Mexico, entered the United States on or around April 2003 without inspection, and filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on April 20, 2026.  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

I.      FACTUAL BACKGROUND

Petitioner is a national and citizen of Mexico.  (ECF No. 7-1 at 1.)  On or around April 2003, petitioner entered the United States without inspection.  (ECF No. 1 at 4.)  On September

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

29, 2016, petitioner was convicted of cultivating marijuana in violation of California Health and Safety Code § 11358. (ECF No. 7-1 at 15.) On April 4, 2026, petitioner was arrested for driving under the influence in violation of California Vehicle Code § 23152(a) and driving without a license in violation of California Penal Code § 12500. (Id. at 17.) On April 20, 2026, petitioner's custody was transferred from the Fresno County Jail to ICE. (Id. at 2.) This was petitioner's first encounter with immigration authorities. (Id. at 3.) Petitioner has been in continuous detention since April 20, 2026. (See ECF No. 1.)

## II.    PROCEDURAL BACKGROUND

On April 30, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 3.) On May 8, 2026, respondents filed a timely response to the petition. (ECF No. 7.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Petitioner challenges his continued detention on the grounds that his prolonged detention violates the Fifth Amendment due process clause. (ECF No. 1 at 17-18.) Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1) as his conviction for cultivating marijuana is an aggravated felony, rendering petitioner inadmissible

///

under 8 U.S.C. § 1227(a)(2)(A)(iii).[2]  (ECF No. 7 at 2.)

### A.    Due Process Claim

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention.  See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1) because his conviction of an aggravated felony renders him inadmissible under 8 U.S.C. § 1227(a)(2)(A)(iii.)  (ECF No. 7 at 2.)

Section 1226(c)(1)(B) mandates detention for any noncitizen who is removable by reason of having committed any offense covered in section 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C) or (D).  8 U.S.C. § 1227(a)(2)(A)(iii) provides that an alien convicted of an aggravated felony after admission is removable.  A conviction for marijuana cultivation in violation of California Health and Safety Code § 11358 is an aggravated felony rendering petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(iii).  See Masters v. Schiltgen, 28 Fed. Appx. 712, 714 (9th Cir. 2002) ("Master's California conviction for marijuana cultivation in violation of Section 11358 of the California Health and Safety Code is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).").

This Court observes that on May 31, 2017, petitioner's felony conviction for violating California Health and Safety Code § 11358 was reclassified as a misdemeanor pursuant to California Health and Safety Code § 11361.8.  (See ECF No. 7-1 at 15-16.)  On November 8, 2016, California voters passed the Control, Regulate and Tax Adult Use of Marijuana Act ("Proposition 64"), which reduced various drug offenses from felonies to misdemeanors.  See Cal. Health & Safety Code § 11359.  Proposition 64 also allowed individuals to apply for post-conviction relief to have a felony conviction dismissed or reclassified as a misdemeanor.  See Cal. Health & Safety Code § 11361.8(e).  Petitioner's reclassification of his felony conviction to a misdemeanor pursuant to California Health and Safety Code § 11361.8 does not alter the fact that

---

[2]  Respondents may also be arguing that petitioner is subject to mandatory detention because he is inadmissible for having been convicted of violating a law relating to a controlled substance. See 8 U.S.C. § 1182(a)(2)(A)(i)(II).  Because it is not clear whether respondents raise this argument, this Court will not address this issue in these findings and recommendations.

petitioner was convicted of an aggravated felony for immigration purposes.  This is because "federal immigration law does not recognize a state's policy decision to expunge (or recall or reclassify) a valid state conviction."  Prado v. Barr, 949 F.3d 438, 441 (9th Cir. 2020). Petitioner's initial felony conviction for violating California Penal Code § 11358 retained its immigration consequences despite having been reduced to a misdemeanor pursuant to California Health and Safety Code § 11361.8.  See Prado, 949 F.3d at 441-43 (felony conviction for possession of marijuana for sale in violation of California Health and Safety Code § 11359, reclassified to a misdemeanor pursuant to Proposition 64, retained its immigration consequences, including being an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii)).

Based on the record presently before the Court, this Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction for marijuana cultivation in violation of California Health and Safety Code § 11358.

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).

4

"Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

5

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Because petitioner has been detained for almost two months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner's detention does not exceed the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530. Because petitioner has not demonstrated a liberty interest based on his detention of almost two months, the petition for writ of habeas corpus should be denied. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

**V.      MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any

stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI.    CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2.  The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Diaz3310.157/2

7